UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL W. ROBINSON,<br><br>                                 Plaintiff,<br><br>        v.<br><br>ADVANCED DECOY RESEARCH, INC.,<br><br>                                 Defendant. | Civil No.   05-cv-1688-BTM (CAB)<br><br>**ORDER REGARDING DEFENDANTS'<br>MOTION TO COMPEL PRODUCTION OF<br>DOCUMENTS**<br>**[Doc. No. 85]** |

　　　　Before the Court is Defendants' Motion to Compel Production of Documents.  Defendants filed their motion to compel on March 28, 2008.  Plaintiff filed a response on April 15, 2008.  Defendants filed their reply on April 18, 2008.  The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

　　　　On July, 2006, Defendant Panic Mouse served Requests for Production on Plaintiff Robinson including requests for the production of documents regarding any efforts to commercialize the subject matter of the '448 patent.  Subject to certain objections, Plaintiff agreed to produce the responsive non-privileged documents in his possession. A responsive document production was subsequently made.

　　　　In November, 2007, Plaintiff's counsel notified Defendants that additional documents responsive to the Defendant's request had been located.  Those documents were made available for inspection by Defendants' counsel on January 16, 2008.  Counsel was "invited to take notes regarding the dates and subject matter of the documents, with the understanding that no privileges were waived." (Plaintiff's Opposition, 1:26-27.)  Among those documents was a letter from the Plaintiff to his counsel, John

Haller, This letter is the subject of the motion to compel. Although counsel for the Defendants was given the opportunity to review the letter in accordance with the agreement between the parties, it is now withheld on the basis of privilege.[1] Defendants now challenge the claim of privilege and move for the production of this document[2].

To resolve such a motion, particularly involving a single document, Plaintiff would be ordered to provide the document for *in camera* review, so the Court could evaluate the privilege claim. This motion to compel, however, has become complicated by the unfortunate fact that the sole Plaintiff, Randall Robinson, passed away on January 21, 2008 and no party has been substituted in his place. Counsel for the deceased Plaintiff, therefore contends that this Court is without jurisdiction to hear this motion, as notice of the Plaintiff's death was filed on January 25, 2008 and there has been no substitution of a proper party. Counsel refers the Court to several state cases for the proposition that upon the death of a party and where no personal representative is substituted, the court is deprived of jurisdiction. (Plaintiff's Opposition, 3:14-21.)

The Federal Rules of Civil Procedure do not support Plaintiff's counsel's proposition that the court is automatically deprived of jurisdiction immediately upon the death of a party. The Rules provide a procedure for substitution of a deceased party that continues the court's jurisdiction during the procedural period.

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a). Although a statement noting the Plaintiff's death was filed with the Court and served on Defendants on January 25, 2008, there is no indication in the record that it was also served on the deceased's representatives or successors, as required by Rule 25.

---

[1] Plaintiff's objection to production of the letter on the basis that it is not responsive to the requests of Defendant Panic Mouse or relevant to the claims and defenses in this matter, is overruled. Plaintiff already voluntarily produced the letter as responsive to the Defendant's requests.

[2] Defendants are not arguing that the voluntary disclosure of the letter resulted in a waiver, but that the content of letter was not confidential legal advice and therefore it was not a privileged communication.

"[T]he rule requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. [Cite omitted.] Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow v. Ground,* 39 F.3d 231, 233 (9th Cir. 1994)(nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4).

Since it appears that the decedent's successors or representatives have not been served, the 90-day period within which a substitution motion may be made or the action will be dismissed has not been triggered yet. *See id.* at 233-34. This Court has jurisdiction over this matter in the interim. The Plaintiff's death does not automatically terminate the court's jurisdiction. *See id.* at 235 (order dismissing under Rule 25 was reversed and case was remanded for motion to substitute.) There is jurisdiction to hear this motion.

The Defendants' motion to compel, however is **DENIED** without prejudice, pending the resolution of the substitution matter. If a motion for substitution is made and granted, the Defendants may renew the motion to compel and the new plaintiff party will be given the opportunity to respond. If no substitution is made in the requisite time period under Rule 25, the case will be dismissed and this discovery matter will be moot. Until there is resolution of the substitution matter, the document at issue is in the custody of the decedent's counsel, and he is **HEREBY ORDERED** to preserve the document until further order of the Court.

**IT IS SO ORDERED.**

DATED: May 15, 2008

_____
CATHY ANN BENCIVENGO
United States Magistrate Judge